IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **CRIMINAL NO. 08-28** |
| | ) | **ELECTRONICALLY FILED** |
| **DERRICK STEVEN CLEMONS** | ) | |

## FINAL JURY INSTRUCTIONS

**I.     GENERAL INSTRUCTIONS.**

I WILL NOW INSTRUCT YOU ON THE LAW.  AS JUDGES OF THE FACTS, IT IS YOUR DUTY TO DETERMINE FROM THE EVIDENCE WHAT ACTUALLY HAPPENED IN THIS CASE.  BUT IN DECIDING WHAT THE FACTS ARE AND IN ARRIVING AT YOUR VERDICT, IT IS YOUR SWORN DUTY TO FOLLOW THE LAW AS I NOW EXPLAIN IT.

YOU MUST BE GUIDED BY MY INSTRUCTIONS AS A WHOLE; YOU MUST NOT DISREGARD OR GIVE SPECIAL ATTENTION TO ANY ONE INSTRUCTION; AND YOU MAY NOT QUESTION THE WISDOM OR CORRECTNESS OF ANY RULE OF LAW OR RULE OF EVIDENCE I STATE TO YOU.  IN OTHER WORDS, DO NOT SUBSTITUTE YOUR OWN NOTION OR OPINION AS TO WHAT THE LAW IS OR OUGHT TO BE.

IF I HAVE REFERRED TO THE FACTS OR THE PARTIES' CONTENTIONS, IT WAS ONLY TO PLACE THE EVIDENCE AND ARGUMENTS IN PERSPECTIVE.  IF I ASKED ANY QUESTIONS OF ANY WITNESSES OR OF THE ATTORNEYS, IT WAS TO CLARIFY MATTERS I FELT SHOULD HAVE BEEN CLARIFIED, AND NOT IN ANY WAY TO INDICATE THE COURT'S OPINION ABOUT THE FACTS OR THE TESTIMONY OF THE WITNESS.  THIS COURT'S OPINION AS TO THE FACTS AND THE PARTIES' CONTENTIONS IS NOT AT ALL IMPORTANT.  YOU AND YOU ALONE, ARE THE SOLE FINDERS OF THE FACTS.

WHATEVER YOUR VERDICT, IT WILL HAVE TO BE UNANIMOUS. ALL OF YOU WILL HAVE TO AGREE ON IT OR THERE WILL BE NO VERDICT.  IN THE JURY ROOM YOU WILL DISCUSS THE CASE AMONG YOURSELVES, BUT ULTIMATELY EACH OF YOU WILL HAVE TO MAKE UP HIS OR HER OWN MIND.  THIS IS A RESPONSIBILITY THAT EACH OF YOU HAS AND THAT YOU CANNOT AVOID.

PERFORM THESE DUTIES FAIRLY AND IMPARTIALLY.  DO NOT ALLOW SYMPATHY, PREJUDICE, FEAR, OR PUBLIC OPINION TO INFLUENCE YOU. YOU SHOULD ALSO NOT BE INFLUENCED BY ANY

PERSON'S RACE, COLOR, RELIGION, NATIONAL ANCESTRY,

GENDER,  PROFESSION, OCCUPATION, CELEBRITY, ECONOMIC

CIRCUMSTANCES, OR POSITION IN LIFE OR IN THE COMMUNITY.

## II.    EVIDENCE.

WHAT IS EVIDENCE

THE "EVIDENCE" IN THIS CASE CONSISTS OF THE TESTIMONY OF WITNESSES, THE DOCUMENTS AND OTHER THINGS RECEIVED AS EXHIBITS, ANY FACTS THAT HAVE BEEN STIPULATED TO, THAT IS, AGREED TO, BY THE PARTIES, AND ANY FACTS THAT HAVE BEEN JUDICIALLY NOTICED, THAT IS, FACTS WHICH I SAID YOU MAY ACCEPT AS TRUE EVEN WITHOUT OTHER EVIDENCE. YOU MUST MAKE YOUR DECISION IN THIS CASE BASED ONLY ON THE EVIDENCE THAT YOU SAW AND HEARD IN THE COURTROOM.  DO NOT LET RUMORS, SUSPICIONS, OR ANYTHING ELSE THAT YOU MAY HAVE SEEN OR HEARD OUTSIDE OF COURT INFLUENCE YOUR DECISION IN ANY WAY.

EXHIBITS

COUNSEL FOR THE GOVERNMENT AND THE DEFENDANT HAVE AGREED TO THE LEGAL ADMISSIBILITY OF VARIOUS EXHIBITS.

4

THIS MEANS THAT THESE EXHIBITS MEET THE REQUIREMENTS OF THE RULES OF EVIDENCE REGARDING ADMISSIBILITY FOR YOUR CONSIDERATION. THIS DOES NOT MEAN THAT THE PARTIES AGREE AS TO ANY INFERENCES OR CONCLUSIONS THAT ARE TO BE OR MAY BE DRAWN FROM ANY EXHIBIT.

WHAT IS NOT EVIDENCE

CERTAIN THINGS ARE NOT EVIDENCE.  I SHALL LIST THOSE THINGS AGAIN FOR YOU NOW:

1.  STATEMENTS, ARGUMENTS, QUESTIONS AND COMMENTS BY LAWYERS REPRESENTING THE PARTIES IN THE CASE ARE NOT EVIDENCE. YOU MUST NOT ASSUME THAT A FACT IS TRUE JUST BECAUSE ONE OF THE LAWYERS OR I ASK A QUESTION ABOUT IT. IT IS THE WITNESS' ANSWERS THAT ARE EVIDENCE.  OF COURSE, YOU MAY NEED TO CONSIDER THE QUESTION TO KNOW WHAT A WITNESS MEANS BY HIS OR HER ANSWER.  FOR EXAMPLE, IF A WITNESS ANSWERS YES TO A QUESTION, YOU WILL HAVE TO CONSIDER THE QUESTION TO UNDERSTAND WHAT THE WITNESS

IS SAYING.

2.  OBJECTIONS ARE NOT EVIDENCE.  LAWYERS HAVE A RIGHT TO OBJECT WHEN THEY BELIEVE SOMETHING IS IMPROPER. YOU SHOULD NOT BE INFLUENCED BY THE OBJECTION.  IF I SUSTAINED AN OBJECTION TO A QUESTION, YOU MUST IGNORE THE QUESTION AND MUST NOT TRY TO GUESS WHAT THE ANSWER MIGHT HAVE BEEN.

3.  TESTIMONY THAT I STRUCK FROM THE RECORD, OR TOLD YOU TO DISREGARD, IS NOT EVIDENCE AND MUST NOT BE CONSIDERED.

4.  ANYTHING YOU SAW OR HEARD ABOUT THIS CASE OUTSIDE THE COURTROOM IS NOT EVIDENCE. YOU ARE TO DECIDE THE CASE SOLELY ON THE EVIDENCE PRESENTED HERE IN THE COURTROOM.

5.  IN CERTAIN INSTANCES EVIDENCE MAY BE ADMITTED ONLY FOR A PARTICULAR PURPOSE AND NOT GENERALLY FOR ALL PURPOSES.

FOR THE LIMITED PURPOSE FOR WHICH THIS EVIDENCE HAS BEEN RECEIVED YOU MAY GIVE IT SUCH WEIGHT AS YOU FEEL IT

DESERVES. YOU MAY NOT, HOWEVER, USE THIS EVIDENCE FOR

ANY OTHER PURPOSE NOT SPECIFICALLY MENTIONED.

6.      REMEMBER THAT THE INDICTMENT IS ONLY A

DESCRIPTION OF THE ALLEGATIONS AND CHARGES MADE BY THE

GOVERNMENT, AND IS NOT EVIDENCE THAT DEFENDANT HAS

COMMITTED ANY CRIMES.  YOU SHOULD ALSO REMEMBER THAT

DEFENDANT HAS PLEADED NOT GUILTY TO THE CHARGES.


EVIDENCE, INFERENCES AND COMMON SENSE

WHILE YOU MAY CONSIDER ONLY THE EVIDENCE IN THE

CASE IN ARRIVING AT YOUR VERDICT, YOU ARE PERMITTED TO

DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY

AND EXHIBITS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON

EXPERIENCE.  IN OTHER WORDS, YOU MAY REACH CONCLUSIONS

WHICH REASON AND COMMON SENSE LEAD YOU TO REACH FROM

THE FACTS ESTABLISHED BY THE EVIDENCE.

DIRECT AND CIRCUMSTANTIAL EVIDENCE

IN THIS REGARD, YOU MAY CONSIDER EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.  "DIRECT EVIDENCE" IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS.  "CIRCUMSTANTIAL EVIDENCE" IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES WHICH MAY INDICATE EITHER THE GUILT OR NON-GUILT OF A DEFENDANT. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.  IT REQUIRES ONLY THAT YOU WEIGH ALL OF THE EVIDENCE AND BE CONVINCED OF A DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT BEFORE YOU RETURN A VERDICT OF GUILTY AS TO ANY CHARGE.

BIAS, SYMPATHY AND PREJUDICE

YOU MAY NOT ALLOW SYMPATHY OR PERSONAL FEELINGS TO INFLUENCE YOUR DETERMINATION.  YOUR DUTY IS TO DECIDE THE CASE SOLELY ON THE BASIS OF THE EVIDENCE OR LACK OF EVIDENCE AND THE LAW AS I HAVE INSTRUCTED YOU, WITHOUT

BIAS, PREJUDICE OR SYMPATHY FOR OR AGAINST THE GOVERNMENT OR THE DEFENDANT.  BOTH THE PARTIES AND THE PUBLIC EXPECT THAT YOU WILL CAREFULLY AND IMPARTIALLY CONSIDER ALL OF THE EVIDENCE IN THE CASE, FOLLOW THE LAW AS STATED BY THE COURT, AND REACH A JUST VERDICT REGARDLESS OF THE CONSEQUENCES.

JURORS' NOTES

YOUR NOTES ARE NOT EVIDENCE IN THE CASE AND MUST NOT TAKE PRECEDENCE OVER YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE.  NOTES ARE ONLY AN AID TO YOUR RECOLLECTION AND ARE NOT ENTITLED TO GREATER WEIGHT THAN YOUR RECOLLECTION OF WHAT THE EVIDENCE ACTUALLY IS.  YOU SHOULD NOT DISCLOSE ANY NOTES TAKEN TO ANYONE OTHER THAN A FELLOW JUROR.

YOU WERE NOT OBLIGATED TO TAKE NOTES.  IF YOU DID NOT TAKE NOTES YOU SHOULD NOT BE INFLUENCED BY THE NOTES OF ANOTHER JUROR, BUT INSTEAD SHOULD RELY UPON YOUR OWN RECOLLECTION OF THE EVIDENCE.

III.   **CREDIBILITY OF WITNESSES/ WEIGHT OF TESTIMONY IN GENERAL.**

IN GENERAL

YOU MUST CONSIDER ALL OF THE EVIDENCE, BUT THIS DOES NOT MEAN YOU MUST ACCEPT ALL OF THE EVIDENCE AS TRUE OR ACCURATE.  YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF THE WITNESSES AND THE WEIGHT THEIR TESTIMONY DESERVES.

YOU MAY BE GUIDED BY THE APPEARANCE AND CONDUCT OF THE WITNESS, BY THE MANNER IN WHICH THE WITNESS TESTIFIES, BY THE CHARACTER OF THE TESTIMONY GIVEN AND BY EVIDENCE OR TESTIMONY TO THE CONTRARY.

YOU SHOULD CAREFULLY SCRUTINIZE ALL THE TESTIMONY GIVEN, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND EVERY MATTER IN EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS IS WORTHY OF BELIEF.  CONSIDER EACH WITNESS'S INTELLIGENCE, MOTIVE, STATE OF MIND, AND DEMEANOR OR MANNER WHILE ON THE STAND.  CONSIDER THE WITNESS'S ABILITY TO HAVE OBSERVED THE MATTERS AS TO WHICH HE OR SHE HAS TESTIFIED, AND WHETHER HE OR SHE

IMPRESSES YOU AS HAVING AN ACCURATE RECOLLECTION OF
THESE MATTERS. CONSIDER ANY BUSINESS, PERSONAL OR
OTHER RELATIONSHIP A WITNESS MIGHT HAVE WITH EITHER SIDE
OF THE CASE; THE MANNER IN WHICH EACH WITNESS MIGHT BE
AFFECTED BY THE VERDICT; AND THE EXTENT TO WHICH, IF AT
ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY
OTHER EVIDENCE IN THE CASE.

INCONSISTENCIES OR DISCREPANCIES

CONSIDER INCONSISTENCIES OR DISCREPANCIES IN THE
TESTIMONY OF A WITNESS OR BETWEEN DIFFERENT WITNESSES,
WHICH MAY OR MAY NOT CAUSE YOU TO DISCREDIT SUCH
TESTIMONY.  TWO OR MORE PERSONS WITNESSING AN INCIDENT
OR A TRANSACTION MAY SEE OR HEAR IT DIFFERENTLY, AND
INNOCENT MIS-RECOLLECTION, LIKE FAILURE OF RECOLLECTION,
IS NOT AN UNCOMMON EXPERIENCE.  IN WEIGHING THE EFFECT
OF A DISCREPANCY, ALWAYS CONSIDER WHETHER IT PERTAINS
TO A MATTER OF IMPORTANCE OR AN UNIMPORTANT DETAIL, AND
WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR

11

OR INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT, YOU WILL GIVE THE

TESTIMONY OF EACH WITNESS SUCH WEIGHT, IF ANY, AS YOU MAY

THINK IT DESERVES.  YOU MAY, IN SHORT, ACCEPT OR REJECT

THE TESTIMONY OF ANY WITNESS IN WHOLE OR IN PART.


FALSE IN ONE, FALSE IN ALL

I CHARGE YOU THAT IF YOU FIND THAT A WITNESS HAS LIED

TO YOU IN ANY MATERIAL PORTION OF HIS OR HER TESTIMONY,

YOU MAY DISREGARD THAT WITNESS'S TESTIMONY IN ITS

ENTIRETY.  I SAY THAT YOU MAY DISREGARD THAT TESTIMONY IF

YOU FIND THE WITNESS WAS UNTRUTHFUL IN A MATERIAL

PORTION OF HIS OR HER TESTIMONY, NOT THAT YOU MUST.  YOU

MUST BE CAREFUL, THOUGH, THAT THE UNTRUE PART OF THE

TESTIMONY WAS NOT THE RESULT OF A MISTAKE OR

INADVERTENCE, BUT WAS, RATHER, WILLFUL AND STATED WITH A

DESIGN OR INTENT TO DECEIVE.

## NUMBER OF WITNESSES NOT IMPORTANT

THE WEIGHT OF THE EVIDENCE IS NOT DETERMINED BY THE
NUMBER OF WITNESSES TESTIFYING TO THE EXISTENCE OR NON-
EXISTENCE OF ANY FACT. YOU MAY FIND THAT THE TESTIMONY OF
A SMALL NUMBER OF WITNESSES AS TO ANY FACT IS MORE
CREDIBLE THAN THAT OF A LARGER NUMBER OF WITNESSES TO
THE CONTRARY.

## STIPULATED FACTS

THE PARTIES HAVE STIPULATED, OR AGREED TO CERTAIN
FACTS AS BEING TRUE AND THOSE STIPULATIONS HAVE BEEN
PLACED ON THE RECORD IN THIS TRIAL.  YOU MUST TREAT ANDY
STIPULATIONS OF FACT AS TRUE FOR PURPOSES OF THIS TRIAL.

## POLICE OFFICERS AS WITNESSES

YOU HAVE HEARD THE TESTIMONY OF LAW ENFORCEMENT
OFFICERS.  THE FACT THAT A WITNESS IS EMPLOYED AS A LAW
ENFORCEMENT OFFICER DOES NOT MEAN THAT HIS OR HER
TESTIMONY NECESSARILY DESERVES MORE OR LESS

CONSIDERATION OR GREATER OR LESSER WEIGHT THAN THAT OF ANY OTHER WITNESS.

AT THE SAME TIME, IT IS QUITE LEGITIMATE FOR DEFENSE COUNSEL TO TRY TO ATTACK THE BELIEVABILITY OF A LAW ENFORCEMENT WITNESS ON THE GROUND THAT HIS OR HER TESTIMONY MAY BE COLORED BY A PERSONAL OR PROFESSIONAL INTEREST IN THE OUTCOME OF THE CASE.

YOU MUST DECIDE, AFTER REVIEWING ALL THE EVIDENCE, WHETHER YOU BELIEVE THE TESTIMONY OF THE LAW ENFORCEMENT WITNESS AND HOW MUCH WEIGHT, IF ANY, IT DESERVES.


DEFENSE WITNESSES

THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE, AND NO ADVERSE INFERENCES MAY BE DRAWN FROM HIS FAILURE TO DO SO.

OPINION EVIDENCE - THE EXPERT WITNESS

THE RULES OF EVIDENCE ORDINARILY DO NOT PERMIT WITNESSES TO TESTIFY AS TO THEIR OWN OPINIONS OR THEIR OWN CONCLUSIONS ABOUT ISSUES IN THE CASE.  AN EXCEPTION TO THIS RULE EXISTS AS TO THOSE WITNESSES WHO ARE DESCRIBED AS "EXPERT WITNESSES."  AN "EXPERT WITNESS" IS SOMEONE WHO, BY EDUCATION OR BY EXPERIENCE, MAY HAVE BECOME KNOWLEDGEABLE IN SOME TECHNICAL, SCIENTIFIC, OR VERY SPECIALIZED AREA.  IF SUCH KNOWLEDGE OR EXPERIENCE MAY BE OF ASSISTANCE TO YOU IN UNDERSTANDING SOME OF THE EVIDENCE OR IN DETERMINING A FACT, AN "EXPERT WITNESS" IN THAT AREA MAY STATE AN OPINION AS TO RELEVANT AND MATERIAL MATTER IN WHICH HE OR SHE CLAIMS TO BE AN EXPERT.

YOU SHOULD CONSIDER EACH EXPERT OPINION RECEIVED IN EVIDENCE IN THIS CASE AND GIVE IT SUCH WEIGHT AS YOU MAY THINK IT DESERVES.  YOU SHOULD CONSIDER THE TESTIMONY OF EXPERT WITNESSES JUST AS YOU CONSIDER OTHER EVIDENCE IN THIS CASE.  IF YOU SHOULD DECIDE THAT THE OPINION OF AN

EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EXPERIENCE

OR EDUCATION, OR IF YOU SHOULD CONCLUDE THAT THE

REASONS GIVEN IN SUPPORT OF THE OPINION ARE NOT SOUND,

OR IF YOU SHOULD CONCLUDE THAT THE OPINION IS

OUTWEIGHED BY OTHER EVIDENCE, YOU MAY DISREGARD THE

OPINION IN PART OR IN ITS ENTIRETY.

YOU – THE JURY – ARE THE SOLE JUDGES OF THE FACTS OF

THIS CASE.

## IV.   BURDEN OF PROOF; PRESUMPTION OF INNOCENCE; REASONABLE DOUBT

MR. CLEMONS HAS PLEADED NOT GUILTY TO THE OFFENSE CHARGED. DEFENDANT IS NOT, OF COURSE, ON TRIAL FOR ANY ACT OR CRIME NOT CONTAINED IN THE INDICTMENT.  THE LAW PERMITS ONLY LEGAL EVIDENCE PRESENTED TO THE JURY IN OPEN COURT TO BE CONSIDERED IN SUPPORT OF ANY CHARGES AGAINST A DEFENDANT.  THE PRESUMPTION OF INNOCENCE ALONE, THEREFORE, IS SUFFICIENT TO ACQUIT THE DEFENDANT.

DEFENDANT IS PRESUMED TO BE INNOCENT.  HE STARTS THE TRIAL WITH A CLEAN SLATE, WITH NO EVIDENCE AGAINST HIM. THE PRESUMPTION OF INNOCENCE STAYS WITH MR. CLEMONS UNLESS AND UNTIL THE GOVERNMENT PRESENTS EVIDENCE THAT OVERCOMES THAT PRESUMPTION BY CONVINCING YOU THAT HE IS GUILTY OF THE OFFENSES CHARGED BEYOND A REASONABLE DOUBT.  THE PRESUMPTION OF INNOCENCE REQUIRES THAT YOU FIND DEFENDANT NOT GUILTY, UNLESS YOU ARE SATISFIED THAT THE GOVERNMENT HAS PROVED GUILT BEYOND A REASONABLE DOUBT AS TO EVERY ELEMENT OF THE OFFENSE.

THE PRESUMPTION OF INNOCENCE MEANS THAT THE
DEFENDANT HAS NO BURDEN OR OBLIGATION TO PRESENT ANY
EVIDENCE AT ALL OR TO PROVE THAT HE IS NOT GUILTY.  THE
BURDEN IS ALWAYS ON THE PROSECUTION TO PROVE A
DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT.  THIS
BURDEN NEVER SHIFTS TO A DEFENDANT FOR THE LAW NEVER
IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN
OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY
EVIDENCE.  THE DEFENDANT IS NOT EVEN OBLIGATED TO
PRODUCE ANY EVIDENCE BY CROSS-EXAMINING THE WITNESSES
FOR THE GOVERNMENT.

IT IS NOT REQUIRED THAT THE GOVERNMENT PROVE GUILT
BEYOND ALL POSSIBLE DOUBT.  THE TEST IS ONE OF REASONABLE
DOUBT. THE BURDEN OR OBLIGATION OF PROOF IS ON THE
GOVERNMENT TO PROVE THAT HE IS GUILTY, AND THIS BURDEN
STAYS WITH THE GOVERNMENT THROUGHOUT THE TRIAL. THUS,
IN ORDER FOR YOU TO FIND MR. TURNER GUILTY OF ANY OF THE
OFFENSES CHARGED, THE GOVERNMENT MUST PROVE EACH AND
EVERY ELEMENT OF THE OFFENSES CHARGED BEYOND A

REASONABLE DOUBT.  A DEFENDANT MAY NOT BE CONVICTED BASED ON SUSPICION OR CONJECTURE, BUT ONLY ON EVIDENCE PROVING GUILT BEYOND A REASONABLE DOUBT. SO IF THE JURY VIEWS THE EVIDENCE IN THE CASE AS REASONABLY PERMITTING EITHER OF TWO CONCLUSIONS, ONE OF INNOCENCE, THE OTHER OF GUILT, THE JURY SHOULD, OF COURSE, ADOPT THE CONCLUSION OF INNOCENCE.

PROOF BEYOND A REASONABLE DOUBT DOES NOT MEAN PROOF BEYOND ALL POSSIBLE DOUBT OR TO A MATHEMATICAL CERTAINTY.  POSSIBLE DOUBTS OR DOUBTS BASED ON CONJECTURE OR SPECULATION ARE NOT REASONABLE DOUBTS. A REASONABLE DOUBT IS A FAIR DOUBT BASED ON REASON, LOGIC, COMMON SENSE, OR EXPERIENCE.  A REASONABLE DOUBT MEANS A DOUBT THAT WOULD CAUSE AN ORDINARY REASONABLE PERSON TO HESITATE TO ACT IN MATTERS OF IMPORTANCE IN HIS OR HER OWN LIFE.  IT MAY ARISE FROM THE EVIDENCE, OR FROM THE LACK OF EVIDENCE, OR FROM THE NATURE OF THE EVIDENCE.

REASONABLE DOUBT MAY ARISE ALSO FROM A LACK OF EVIDENCE OR PROOF. IF YOU FIND THAT THE GOVERNMENT HAS FAILED TO PRODUCE EVIDENCE SUFFICIENT TO SATISFY YOU OF THE GUILT OF THE DEFENDANT BEYOND A REASONABLE DOUBT, THEN HE IS ENTITLED TO AN ACQUITTAL, OR A VERDICT OF "NOT GUILTY." BUT IF, AFTER CONSIDERING ALL OF THE EVIDENCE AND GIVING THE ACCUSED THE BENEFIT OF A REASONABLE DOUBT, BOTH AS TO THE EVIDENCE PRESENTED OR THE LACK OF EVIDENCE, YOU ARE LED TO THE CONCLUSION THAT HE IS GUILTY, YOU SHOULD SO DECLARE BY YOUR VERDICT.

IF, HAVING NOW HEARD ALL THE EVIDENCE, YOU ARE CONVINCED THAT THE GOVERNMENT PROVED EACH AND EVERY ELEMENT OF THE OFFENSE CHARGED BEYOND A REASONABLE DOUBT, YOU SHOULD RETURN A VERDICT OF GUILTY FOR THAT OFFENSE.  HOWEVER, IF YOU HAVE A REASONABLE DOUBT ABOUT ONE OR MORE OF THE ELEMENTS OF THE OFFENSE CHARGED, THEN YOU MUST RETURN A VERDICT OF NOT GUILTY OF THAT OFFENSE.

## V.    OFFENSE CHARGED IN  INDICTMENT

INDICTMENTS GENERALLY

THE CHARGE AGAINST MR. CLEMONS IS CONTAINED IN THE INDICTMENT.  AN INDICTMENT IS JUST THE FORMAL WAY OF SPECIFYING THE EXACT CRIMES THE DEFENDANT IS ACCUSED OF COMMITTING, AND IS SIMPLY A DESCRIPTION OF THE CHARGES MADE AGAINST A DEFENDANT.  IT IS AN ACCUSATION ONLY.  AN INDICTMENT IS NOT EVIDENCE OF ANYTHING, AND YOU SHOULD NOT GIVE ANY WEIGHT TO THE FACT THAT MR. CLEMONS HAS BEEN INDICTED IN MAKING YOUR DECISION IN THIS CASE.

POSSESSION WITH INTENT TO DISTRIBUTE FIVE (5) OR MORE GRAMS OF COCAINE BASE IN THE FORM COMMONLY KNOWN AS CRACK.

THE INDICTMENT CHARGES MR. CLEMONS WITH POSSESSING 5 GRAMS OR MORE OF A MIXTURE OR SUBSTANCE CONTAINING A CONTROLLED SUBSTANCE, SPECIFICALLY COCAINE BASE, IN THE FORM COMMONLY KNOWN AS CRACK, WITH THE INTENT TO DISTRIBUTE THE CONTROLLED SUBSTANCE, WHICH IS A

VIOLATION OF FEDERAL LAW.

IN ORDER TO FIND MR. CLEMONS GUILTY OF THIS OFFENSE, YOU MUST FIND THAT THE GOVERNMENT PROVED EACH OF THE FOLLOWING FIVE ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST:  THAT MR. CLEMONS POSSESSED A MIXTURE OR SUBSTANCE CONTAINING A CONTROLLED SUBSTANCE;

SECOND:  THAT MR. CLEMONS POSSESSED THE CONTROLLED SUBSTANCE KNOWINGLY OR INTENTIONALLY;

THIRD:  THAT MR. CLEMONS INTENDED TO DISTRIBUTE THE CONTROLLED SUBSTANCE; AND

FOURTH:  THAT THE CONTROLLED SUBSTANCE WAS COCAINE BASE IN THE FORM COMMONLY KNOWN AS CRACK.

FIFTH:  THAT THE WEIGHT OF THE MIXTURE OR SUBSTANCE CONTAINING THE CONTROLLED SUBSTANCE WAS 5 GRAMS OR MORE.

"POSSESSION" DEFINED

TO "POSSESS" A CONTROLLED SUBSTANCE MEANS TO HAVE IT WITHIN A PERSON'S CONTROL.  THE GOVERNMENT DOES NOT

HAVE TO PROVE THAT MR. CLEMONS PHYSICALLY HELD THE

CONTROLLED SUBSTANCE, THAT IS, HAD ACTUAL POSSESSION OF

IT.  AS LONG AS THE CONTROLLED SUBSTANCE WAS WITHIN MR.

CLEMONS'S CONTROL, HE POSSESSED IT.  IF YOU FIND THAT MR.

CLEMONS EITHER HAD ACTUAL POSSESSION OF THE

CONTROLLED SUBSTANCE OR HAD THE POWER AND INTENTION

TO EXERCISE CONTROL OVER IT, EVEN THOUGH IT WAS NOT IN

MR. CLEMONS'S PHYSICAL POSSESSION - THAT IS, THAT MR.

CLEMONS HAD THE ABILITY TO TAKE ACTUAL POSSESSION OF THE

SUBSTANCE WHEN MR. CLEMONS WANTED TO DO SO - YOU MAY

FIND THAT THE GOVERNMENT HAS PROVED POSSESSION.

POSSESSION MAY BE MOMENTARY OR FLEETING.  PROOF OF

OWNERSHIP OF THE CONTROLLED SUBSTANCE IS NOT REQUIRED.


"CONTROLLED SUBSTANCE" DEFINED

YOU ARE INSTRUCTED THAT, AS A MATTER OF LAW, COCAINE

BASE IN THE FORM COMMONLY KNOWN AS CRACK IS A

CONTROLLED SUBSTANCE, THAT IS, SOME KIND OF PROHIBITED

DRUG.

IT IS SOLELY FOR YOU, HOWEVER, TO DECIDE WHETHER THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT MR. CLEMONS POSSESSED WITH THE INTENT TO DISTRIBUTE A MIXTURE OR SUBSTANCE CONTAINING COCAINE BASE IN THE FORM COMMONLY KNOWN AS CRACK.

<u>"KNOWINGLY OR INTENTIONALLY" DEFINED</u>

TO ACT KNOWINGLY, AS USED IN THE OFFENSE CHARGED, MEANS THAT MR. CLEMONS WAS CONSCIOUS AND AWARE THAT HE WAS ENGAGED IN THE ACT CHARGED AND KNEW OF THE SURROUNDING FACTS AND CIRCUMSTANCES THAT MAKE OUT THE OFFENSE.  KNOWINGLY DOES NOT REQUIRE THAT MR. CLEMONS KNEW THAT THE ACTS CHARGED AND SURROUNDING FACTS AMOUNTED TO A CRIME.

TO ACT INTENTIONALLY, AS USED IN THE OFFENSE CHARGED, MEANS TO ACT DELIBERATELY AND NOT BY ACCIDENT. INTENTIONALLY DOES NOT REQUIRE THAT MR. CLEMONS INTENDED TO VIOLATE THE LAW.

THE PHRASE "KNOWINGLY OR INTENTIONALLY," AS USED IN THE OFFENSE CHARGED, REQUIRES THE GOVERNMENT TO PROVE BEYOND A REASONABLE DOUBT THAT MR. CLEMONS KNEW THAT WHAT HE POSSESSED WITH INTENT TO DISTRIBUTE WAS A CONTROLLED SUBSTANCE.  IN ADDITION, THE GOVERNMENT MUST ALSO PROVE BEYOND A REASONABLE DOUBT THAT THE CONTROLLED SUBSTANCE WAS IN FACT COCAINE BASE IN THE FORM COMMONLY KNOWN AS CRACK AND THAT THE WEIGHT OF THE CONTROLLED SUBSTANCE WAS 5 GRAMS OR MORE. HOWEVER, AS LONG AS YOU FIND THAT THE GOVERNMENT PROVED BEYOND A REASONABLE DOUBT THAT MR. CLEMONS KNEW THAT WHAT HE POSSESSED WAS A CONTROLLED SUBSTANCE, YOU NEED NOT FIND THAT MR. CLEMONS KNEW THAT THE CONTROLLED SUBSTANCE WAS COCAINE BASE IN THE FORM COMMONLY KNOWN AS CRACK OR THAT MR. CLEMONS KNEW THAT THE WEIGHT OF THE CONTROLLED SUBSTANCE WAS 5 GRAMS OR MORE.

IN DECIDING WHETHER MR. CLEMONS ACTED "KNOWINGLY OR INTENTIONALLY," YOU MAY CONSIDER EVIDENCE ABOUT WHAT

MR. CLEMONS SAID, WHAT MR. CLEMONS DID AND FAILED TO DO, HOW MR. CLEMONS ACTED, AND ALL THE OTHER FACTS AND CIRCUMSTANCES SHOWN BY THE EVIDENCE THAT MAY PROVE WHAT WAS IN MR. CLEMONS'S MIND AT THAT TIME.

### "INTENT TO DISTRIBUTE" DEFINED

IN ORDER TO FIND MR. CLEMONS GUILTY OF POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE, AS CHARGED IN THE INDICTMENT, YOU MUST FIND THAT THE GOVERNMENT PROVED BEYOND A REASONABLE DOUBT THAT MR. CLEMONS INTENDED TO DISTRIBUTE A MIXTURE OR SUBSTANCE CONTAINING A CONTROLLED SUBSTANCE.  TO FIND THAT MR. CLEMONS HAD THE INTENT TO DISTRIBUTE, YOU MUST FIND THAT MR. CLEMONS HAD IN MIND OR PLANNED IN SOME WAY TO DELIVER OR TRANSFER POSSESSION OR CONTROL OVER A CONTROLLED SUBSTANCE TO SOMEONE ELSE.

IN DETERMINING WHETHER MR. CLEMONS HAD THE INTENT TO DISTRIBUTE YOU MAY CONSIDER ALL THE FACTS AND CIRCUMSTANCES SHOWN BY THE EVIDENCE PRESENTED,

26

INCLUDING MR. CLEMONS'S WORDS AND ACTIONS.  IN

DETERMINING MR. CLEMONS' INTENT TO DISTRIBUTE

CONTROLLED SUBSTANCES, YOU MAY ALSO CONSIDER, AMONG

OTHER THINGS, THE QUANTITY AND PURITY OF THE CONTROLLED

SUBSTANCE, THE MANNER IN WHICH THE CONTROLLED

SUBSTANCE WAS PACKAGED, AND THE PRESENCE OR ABSENCE

OF WEAPONS, LARGE AMOUNTS OF CASH, OR EQUIPMENT USED IN

THE PROCESSING OR SALE OF CONTROLLED SUBSTANCES.


DRUG QUANTITY

IN ORDER TO DETERMINE WHETHER THE WEIGHT OF THE

CONTROLLED SUBSTANCE THAT MR. CLEMONS POSSESSED WITH

THE INTENT TO DISTRIBUTE WAS FIVE (5) GRAMS OR MORE, YOU

MUST CONSIDER THE TOTAL WEIGHT OF ANY MIXTURE OR

SUBSTANCE WHICH CONTAINS A DETECTABLE AMOUNT OF THE

CONTROLLED SUBSTANCE CHARGED IN THE INDICTMENT, THAT IS,

COCAINE BASE IN THE FORM COMMONLY KNOWN AS CRACK.

ON OR ABOUT

YOU WILL NOTE THAT THE INDICTMENT CHARGES THAT A
CERTAIN OFFENSE WAS COMMITTED "ON OR ABOUT" OCTOBER
13, 2007. THE GOVERNMENT DOES NOT HAVE TO PROVE WITH
CERTAINTY THE EXACT DATE OF AN ALLEGED OFFENSE. IT IS
SUFFICIENT IF THE GOVERNMENT PROVES BEYOND A
REASONABLE DOUBT THAT THE OFFENSE WAS COMMITTED ON A
DATE REASONABLY NEAR THE DATE ALLEGED.

EVIDENCE ADMITTED FOR A LIMITED PURPOSE

YOU HAVE HEARD TESTIMONY REGARDING TWO PRIOR DRUG
TRANSACTIONS INVOLVING MR. CLEMONS IN APRIL OF 2006. THIS
EVIDENCE WAS ADMITTED ONLY FOR A LIMITED PURPOSE. YOU
MAY CONSIDER THIS EVIDENCE ONLY FOR THE PURPOSE OF
DECIDING WHETHER MR. CLEMONS HAD THE STATE OF MIND,
KNOWLEDGE, OR INTENT NECESSARY TO COMMIT THE CRIME
CHARGED IN THE INDICTMENT.

DO NOT CONSIDER THIS EVIDENCE FOR ANY OTHER
PURPOSE.

OF COURSE, IT IS FOR YOU TO DETERMINE WHETHER YOU BELIEVE THIS EVIDENCE AND, IF YOU DO BELIEVE IT, WHETHER YOU ACCEPT IT FOR THE PURPOSE OFFERED. YOU MAY GIVE IT SUCH WEIGHT AS YOU FEEL IT DESERVES, BUT ONLY FOR THE LIMITED PURPOSE THAT I DESCRIBED TO YOU.

MR. CLEMONS IS NOT ON TRIAL FOR COMMITTING THESE OTHER ACTS. YOU MAY NOT CONSIDER THE EVIDENCE OF THESE ALLEGED ACTS AS A SUBSTITUTE FOR PROOF THAT MR. CLEMONS COMMITTED THE CRIME CHARGED. YOU MAY NOT CONSIDER THIS EVIDENCE AS PROOF THAT MR. CLEMONS HAS A BAD CHARACTER OR ANY PROPENSITY TO COMMIT CRIMES. SPECIFICALLY, YOU MAY NOT USE THIS EVIDENCE TO CONCLUDE THAT BECAUSE MR. CLEMONS MAY HAVE COMMITTED THESE OTHER ACTS, HE MUST ALSO HAVE COMMITTED THE ACT CHARGED IN THE INDICTMENT.

REMEMBER THAT MR. CLEMONS IS ON TRIAL HERE ONLY FOR ALLEGEDLY POSSESSING WITH THE INTENT TO DISTRIBUTE 5 GRAMS OR MORE OF A MIXTURE OR SUBSTANCE CONTAINING COCAINE BASE IN THE FORM COMMONLY KNOWN AS CRACK, ON OR ABOUT OCTOBER 13, 2007, NOT FOR THESE OTHER ACTS. DO

29

NOT RETURN A GUILTY VERDICT UNLESS THE GOVERNMENT PROVES THE CRIME CHARGED IN THE INDICTMENT BEYOND A REASONABLE DOUBT.

## VI.   JURY DELIBERATIONS.

YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR.  IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE.  IN OTHER WORDS, YOUR VERDICT MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT, IF YOU CAN DO SO, WITHOUT VIOLATION TO INDIVIDUAL JUDGMENT.  EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS.

IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS, AND CHANGE YOUR OPINION, IF CONVINCED IT IS ERRONEOUS.  BUT DO NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT OR EFFECT OF THE EVIDENCE, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES YOU ARE NOT PARTISANS.  YOU ARE JUDGES -- JUDGES OF THE FACTS.  YOUR SOLE INTEREST IS

TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

UPON RETIRING TO THE JURY ROOM YOU SHOULD FIRST SELECT ONE OF YOUR NUMBER TO ACT AS YOUR FOREPERSON WHO WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT. YOU CAN MAKE THIS SELECTION AND CONDUCT YOUR DELIBERATIONS IN WHATEVER MANNER YOU THINK BEST, BUT I OFFER SOME SUGGESTIONS THAT OTHER JURIES HAVE FOUND HELPFUL TO ALLOW FULL PARTICIPATION BY ALL JURORS AND TO ARRIVE AT A VERDICT THAT SATISFIES EVERYONE.

THE FOREPERSON SHOULD ENCOURAGE OPEN COMMUNICATION, COOPERATION AND PARTICIPATION BY ALL JURORS, AND BE WILLING AND ABLE TO FACILITATE DISCUSSIONS WHEN DISAGREEMENTS AND DISPUTES ARISE.

THE FOREPERSON SHOULD LET EACH OF YOU SPEAK AND BE HEARD BEFORE EXPRESSING HER OR HIS VIEWS.

THE FOREPERSON SHOULD NEVER ATTEMPT TO PROMOTE OR PERMIT ANYONE ELSE TO PROMOTE HIS OR HER PERSONAL OPINIONS BY COERCION OR BULLYING.

THE FOREPERSON SHOULD MAKE SURE THAT

DELIBERATIONS ARE NOT RUSHED.

SOME PEOPLE ARE BETTER AT FACILITATING THAN OTHERS,

AND IF IT BECOMES CLEAR THAT SOMEONE ELSE WOULD BE A

MORE EFFECTIVE FOREPERSON, YOU MIGHT WANT TO CONSIDER

SELECTING A DIFFERENT PERSON, WITH NO HARD FEELINGS.

YOU ALSO MAY THINK IT WISE TO SELECT A SECRETARY TO

RECORD VOTES, WHICH SHOULD PROBABLY BE CAST BY SECRET

BALLOT, AND TO KEEP TRACK OF WHETHER EVERYONE HAS

SPOKEN.

SOME JURIES THINK IT WILL BE USEFUL TO TAKE A

PRELIMINARY VOTE BEFORE DISCUSSIONS ARE STARTED, BUT

THAT HAS NOT BEEN THE EXPERIENCE AROUND HERE.  SUCH AN

EARLY VOTE OFTEN PROVES COUNTER-PRODUCTIVE FOR

SEVERAL REASONS, INCLUDING THAT IT TENDS TO "LOCK-IN" A

PARTICULAR POINT OF VIEW BEFORE ALTERNATIVE POINTS OF

VIEW ARE COVERED.

YOU SHOULD LISTEN CAREFULLY AND ATTENTIVELY TO EACH

OTHER, AND HEAR WHAT EACH OTHER PERSON IS SAYING

BEFORE RESPONDING. DON'T INTERRUPT AND DON'T MONOPOLIZE THE DISCUSSION. SPEAK ONE AT A TIME. BE PATIENT AND RESPECTFUL OF OTHER OPINIONS, AND DON'T TAKE IT PERSONALLY IF SOMEONE DISAGREES WITH YOU.

A VERDICT FORM HAS BEEN PREPARED FOR YOU, AND YOU HAVE REVIEWED A COPY.  YOU WILL TAKE THE ORIGINAL VERDICT FORM TO THE JURY ROOM AND WHEN YOU HAVE REACHED A UNANIMOUS AGREEMENT AS TO YOUR VERDICT, YOU WILL EACH SIGN IT, HAVE YOUR FOREPERSON DATE IT, AND THEN SIGNAL THE BAILIFF THAT YOU ARE PREPARED TO RETURN TO THE COURTROOM.

IF DEFENDANT IS FOUND GUILTY, THE SENTENCE THAT WOULD BE IMPOSED IS MY RESPONSIBILITY.  YOU MAY NOT CONSIDER POSSIBLE PUNISHMENT IN ANY WAY IN DECIDING WHETHER THE GOVERNMENT HAS PROVED ITS CASE BEYOND A REASONABLE DOUBT.

YOU WILL ALSO BE PROVIDED WITH COPIES OF THESE INSTRUCTIONS FOR YOUR USE DURING DELIBERATIONS. IF, DURING YOUR DELIBERATIONS, YOU SHOULD DESIRE TO

COMMUNICATE WITH THE COURT, PLEASE REDUCE YOUR

MESSAGE OR QUESTION TO WRITING SIGNED BY THE

FOREPERSON, AND PASS THE NOTE TO THE BAILIFF WHO WILL

BRING IT TO MY ATTENTION.  AFTER CONSULTING WITH THE

LAWYERS, I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE,

EITHER IN WRITING OR BY HAVING YOU RETURNED TO THE

COURTROOM SO THAT I CAN ADDRESS YOU ORALLY.  I CAUTION

YOU, HOWEVER, WITH REGARD TO ANY MESSAGE OR QUESTION

YOU MIGHT SEND, THAT YOU SHOULD NEVER STATE OR SPECIFY

YOUR NUMERICAL DIVISION AT THE TIME.

        IT IS PROPER TO ADD THE CAUTION THAT NOTHING SAID IN

THESE INSTRUCTIONS AND NOTHING IN ANY FORM OF VERDICT

PREPARED FOR YOUR CONVENIENCE IS MEANT TO SUGGEST OR

HINT IN ANY WAY WHAT VERDICT I THINK YOU SHOULD FIND.

WHAT THE VERDICT SHALL BE IS YOUR SOLE AND EXCLUSIVE

DUTY AND RESPONSIBILITY.

        YOU WILL NOTE FROM THE OATH ABOUT TO BE TAKEN BY

THE BAILIFF THAT HE TOO, AS WELL AS ALL OTHER PERSONS, ARE

FORBIDDEN TO COMMUNICATE IN ANY WAY OR MANNER WITH ANY

MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS
OF THE CASE.

DURING YOUR DELIBERATIONS, YOU MUST NOT
COMMUNICATE WITH OR PROVIDE ANY INFORMATION TO ANYONE
BY ANY MEANS ABOUT THIS CASE.  YOU MAY NOT USE ANY
ELECTRONIC DEVICE OR MEDIA, SUCH AS A TELEPHONE, CELL
PHONE, SMART PHONE, IPHONE, BLACKBERRY OR COMPUTER;
THE INTERNET, ANY INTERNET SERVICE, OR ANY TEXT OR
INSTANT MESSAGING SERVICE; OR ANY INTERNET CHAT ROOM,
BLOG, OR WEBSITE SUCH AS FACEBOOK, MY SPACE, LINKEDIN,
YOUTUBE OR TWITTER, TO COMMUNICATE TO ANYONE ANY
INFORMATION ABOUT THIS CASE OR TO CONDUCT ANY RESEARCH
ABOUT THIS CASE UNTIL I ACCEPT YOUR VERDICT.

**SWEAR BAILIFF**

**DISMISS ALTERNATE JURORS**

**INSTRUCT BAILIFF TO PICK UP COPIES OF VERDICT FORM**