IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,                           Criminal No. 08-0028
                                                 **ELECTRONICALLY FILED**

   v.

DERRICK STEVEN CLEMONS,

       Defendant.

### Order of Court Re Motion in Limine to Limit the Admissibility of Defendant's Treatment Records under Rule 403 (doc. no. 117)

The Motion is DENIED, as untimely, and inconsistent with counsel's representation at the 3/30/2010 Final Pretrial Conference, unless counsel for the government consents to said Motion.  Counsel for defendant (as well as counsel for the government) were required to file motions in limine by 3/15/2010, with jury trial date of 4/5/2010.  See Amended Pretrial Order of 3/5/2010, doc. no. 71.  Counsel for defendant filed one motion in limine in a timely manner on 3/15/2010.  See doc. no. 78.  Counsel for both parties asked to continue the 3/30/2010 Final Pretrial Conference since both counsel were out of town.  See. doc. no. 90.  The Court, to accommodate counsel, conducted the Final Pretrial Conference by telephone, at a mutually agreeable time to counsel on 3/30/2010 at 11:30 a.m.

Then, on 3/25/2010, without filing a motion to file a Motion for Leave of Court to file out of time, counsel for defendant filed a second motion in limine.[1]  See doc. no. 98.  Then, on

---

[1] Defendant set forth a proposed schedule by which defendant might file additional motions in limine in defendant's consented-to motion to continue Final Pretrial Conference (doc. no. 102) - - the suggested date was 3/25/2010.  However, because the Court required defendant's

3/26/2010, without filing a motion for leave to file out of time and one day after even defense counsel's suggested date, counsel for defendant filed a third motion in limine.  See Doc. No. 99.  Court ruled on all three Motions in Limine prior to the 3/30/2010 Final Pretrial Conference, despite the fact that two of them were untimely.

At said Conference, because of the failures of defense counsel to comply with the dates set forth in the 3/5/2010 Pretrial Order, the Court expressly asked whether any motion(s) would be forthcoming from counsel.  The actual text of the Pretrial Conference is as follows:

> THE COURT:  All right.
>
> Now, anything else?  In light of the holiday that's coming up, anything else that's going to be filed on this docket -- other than the notice of appearance by an additional attorney -- anything else I'm going to see on the docket between today and when we get together on Monday?
>
> Because if there is, I want to know about it now so my staff and I can work out being in here and what we need to do.  So anything else, of whatever nature, that was going to hit the docket between now and Monday morning on behalf of the Government?
>
> MR. EBERLE:  No, Your Honor, nothing that I can think of at this time; no.
>
> THE COURT:  Any reason to believe that you'll think of something between now and Monday morning?
>
> MR. EBERLE:  Not likely, no.
>
> THE COURT:  Okay.
>
> On behalf of the Defendant, any other things we're going to see?

---

waiver of appearance at the Final Pretrial Conference, and defendant did not file said waiver until 3/29/2010, one day before the prior scheduled Pretrial Conference, the Court decided to go forward with the original Pretrial Conference date of 3/30/2010 and allowed counsel to appear by telephone without the presence of defendant.  The Court therefore never ruled upon defendant's proposed schedule for further briefing in light of the above-quoted discussion at the Final Pretrial Conference, nor was the Court requested to do so at the Final Pretrial Conference of 3/30/2010.

        MS. LONG:  I'm not anticipating, frankly, anything between now and Monday, Your Honor.

        THE COURT:  Okay.  Great.  Because if either of you were, I would make arrangements to be able to do it.  I'm not discouraging it, I wanted a heads up, and I'm glad the answer from each of you is no.

        So I'll talk about anything else that either of you would like to talk about.  First of all, on behalf of the Government, anything else you would like to chat about today?

        MR. EBERLE:  No, thank you, Judge.

        THE COURT:  Anything else on behalf of the Defendant?

        MS. LONG:  No, Your Honor.

        (Excerpt concluded.)

Excerpt of Transcript of Pretrial Conference is attached hereto as Exhibit 1 and filed on the docket at doc. no. 119.

This statement was only two (2) days ago - - but almost immediately thereafter the email and telephone calls from defense counsel (and Ms. Allan, whose appearance has not yet been entered) started yesterday on 3/31/2010.  Then, without seeking leave of Court, and knowing government counsel was out of town for Easter weekend, defendant's fourth motion in limine was filed at 4:46 p.m. yesterday on 3/31/2010, six (6) days after even defense counsel's suggested date.  See Doc. No. 117.  The filing of the motion(s) in limine, out of time, on some random schedule, denies the Court and government counsel an orderly process for the handling of said motion, saying nothing of professional courtesy.

Finally, since the motion in limine (doc. no. 117) deals with defendant's medical treatment record of 2006 (and possibly 2007), there is no reason why this matter could not have been raised in a timely manner, in accordance with the Pretrial Schedule; and no such reason is set forth in said Motion in Limine.

SO ORDERED this 1st day of April, 2010.

s/Arthur J. Schwab
Arthur J. Schwab

United States District Judge


cc: All Registered ECF Counsel and Parties